UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| EDDIE J. RATLIFF,<br>    Plaintiff | CIVIL DOCKET |
|---|---|
| VERSUS | NO. 17-11581 |
| SEADRILL AMERICAS, INC.,<br>    Defendant | SECTION: "E" (1) |

## ORDER AND REASONS

Before the Court is a motion for summary judgment, filed by Defendant Seadrill Americas, Inc. ("Seadrill").[1] For the reasons that follow, the motion is **DENIED**.

## BACKGROUND[2]

On August 19, 2017, Plaintiff Eddie J. Ratliff was employed by Defendant as a Jones Act seaman on the M/V WEST VELA.[3] Plaintiff claims he injured his back while working aboard the M/V WEST VELA.[4] On that day, he attempted to pick up a metal bar that weighed 30–50 pounds and was approximately 3½ feet long.[5] Defendant had trained Plaintiff on proper lifting techniques, and Plaintiff was using such techniques.[6] Plaintiff had lifted this bar at least fifty times previously without assistance, and he did not ask for assistance, even though he could have done so.[7]

Defendant states that Plaintiff alleges he suffered an injury to his back "at the moment he attempted to pick up the metal bar."[8] Plaintiff disputes this characterization.[9]

---

[1] R. Doc. 20.
[2] The facts in this section are undisputed unless noted otherwise.
[3] R. Doc. 1 at 2, ¶ 3; R. Doc. 9 at 1.
[4] R. Doc. 20-6 at 1, ¶ 1; R. Doc. 32 at 1, ¶ 1.
[5] R. Doc. 20-6 at 1, ¶¶ 2, 3, 5; R. Doc. 32 at 1, ¶¶ 2, 3, 5.
[6] R. Doc. 20-6 at 2, ¶ 7; R. Doc. 32 at 1, ¶ 7.
[7] R. Doc. 20-6 at 2, ¶¶ 6, 11; R. Doc. 32 at 1, ¶ 6; 2, ¶ 11.
[8] R. Doc. 20-6 at 1, ¶ 3.
[9] R. Doc. 32 at 1, ¶3.

1

Plaintiff alleges that, on August 19, 2017, he was assigned to remove an intake valve seat from a mud pump module, which required him to maintain an awkward body position for an hour to an hour and a half.[10] He alleges he "experience[ed] pain in his back from maintaining an awkward position for so long,"[11] and, when he reached down to pick up the bar, he "felt a pop in his lower back and fell to the ground in pain."[12]

Plaintiff filed the instant suit on October 31, 2017,[13] pursuant to the Jones Act[14] and general maritime law.[15] On November 13, 2018, Defendant filed the instant motion.[16] It argues that it is entitled to summary judgment because, as a matter of law, instructing Plaintiff to lift a 30–50 pound metal bar does not constitute negligence under the Jones Act.[17] Plaintiff opposes.[18] Defendant filed a reply to Plaintiff's opposition, arguing there is "no medical evidence in the record" linking Plaintiff's injury to the mud pump module repair.[19] Defendant also argues that the Court should not consider the deposition testimony of Plaintiff's treating physician Dr. Bradley Bartholomew on the issue.[20] Plaintiff filed a surreply arguing that the Court may consider Dr. Bartholomew's testimony.[21]

On December 11, 2018, the Court ordered that the trial in this case be continued and extended discovery relating to medical and vocational testimony.[22]

---

[10] *Id.* at 2–4, ¶¶ 6–20.
[11] *Id.* at 4, ¶ 23.
[12] *Id.* at 5, ¶ 26.
[13] R. Doc. 1.
[14] 46 U.S.C. § 30104.
[15] R. Doc. 1.
[16] R. Doc. 20.
[17] R. Doc. 20-1 at 4.
[18] R. Doc. 26.
[19] R. Doc. 36-1 at 3.
[20] *Id.* at 5 n.16.
[21] R. Doc. 42.
[22] R. Doc. 43.

# **SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[23] "An issue is material if its resolution could affect the outcome of the action."[24] When assessing whether a material factual dispute exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence."[25] All reasonable inferences are drawn in favor of the non-moving party.[26] There is no genuine issue of material fact if, even viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party, thus entitling the moving party to judgment as a matter of law.[27]

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." To satisfy Rule 56's burden of production, the moving party must do one of two things: "the moving party may submit affirmative evidence that negates an essential element of the nonmoving party's claim" or "the moving party may demonstrate to the Court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim." If the moving party fails to carry this burden, the motion must be denied. If the moving party successfully carries this burden, the burden of production then shifts to the non-moving party to direct the Court's attention to something in the

---

[23] FED. R. CIV. P. 56; *see also Celotex*, 477 U.S. 317, 322–23 (1986).
[24] *DIRECTV, Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005).
[25] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008); *see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000).
[26] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).
[27] *Hibernia Nat. Bank v. Carner*, 997 F.2d 94, 98 (5th Cir. 1993) (citing *Amoco Prod. Co. v. Horwell Energy, Inc.*, 969 F.2d 146, 147–48 (5th Cir. 1992)).

pleadings or other evidence in the record setting forth specific facts sufficient to establish that a genuine issue of material fact does indeed exist.[28]

If the dispositive issue is one on which the non-moving party will bear the burden of persuasion at trial, the moving party may satisfy its burden of production by either (1) submitting affirmative evidence that negates an essential element of the non-movant's claim, or (2) affirmatively demonstrating that there is no evidence in the record to establish an essential element of the non-movant's claim.[29] If the movant fails to affirmatively show the absence of evidence in the record, its motion for summary judgment must be denied.[30] Thus, the non-moving party may defeat a motion for summary judgment by "calling the Court's attention to supporting evidence already in the record that was overlooked or ignored by the moving party."[31] "[U]nsubstantiated assertions are not competent summary judgment evidence. The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim. 'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'"[32]

---

[28] *Celotex*, 477 U.S. at 322–24.
[29] *Id.* at 331–32 (Brennan, J., dissenting).
[30] *See id.* at 332.
[31] *Id.* at 332–33. The burden would then shift back to the movant to demonstrate the inadequacy of the evidence relied upon by the non-movant. Once attacked, "the burden of production shifts to the nonmoving party, who must either (1) rehabilitate the evidence attacked in the moving party's papers, (2) produce additional evidence showing the existence of a genuine issue for trial as provided in Rule 56(e), or (3) submit an affidavit explaining why further discovery is necessary as provided in Rule 56(f)." *Id.* at 332–33, 333 n.3.
[32] *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Celotex*, 477 U.S. at 324; *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) and quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n.7 (5th Cir. 1992)).

**LAW AND ANALYSIS**

The Jones Act provides a seaman with a cause of action against his employer for injuries sustained as a result of his employer's negligence.[33] A seaman may recover damages under the Jones Act if his employer's negligence was the legal cause, in whole or in part, of his injury.[34] At trial, Ratliff must establish that Seadrill had a duty to provide a reasonably safe place to work, Seadrill breached that duty, and Seadrill's negligence caused his injuries. Ratliff bears a "featherweight" burden of proof to establish causation for a Jones Act negligence claim and need only show that his employer contributed to his injuries "in the slightest degree."[35]

I. **In determining whether there are genuine disputes of material fact on the issue of medical causation, the Court may consider Dr. Bartholomew's deposition testimony**

Defendant argues there is "no medical evidence in the record" linking Plaintiff's injury to the mud pump module repair.[36] Plaintiff points to the deposition testimony of his treating physician Dr. Bartholomew, who testified that Plaintiff's work on the mud pump was "probably distending or causing a herniation, protrusion, whatever you want to call it, of the disc or weakening the fibers of the annulus" and that picking up the bar was the "coup de gra[ce]" that "finished it off."[37] Defendant argues the Court cannot consider the testimony of Plaintiff's treating physician Dr. Bartholomew because the deposition was untimely and his deposition testimony exceeded the scope of his medical records.[38]

---

[33] *Gautreaux v. Scurlock Marine, Inc.*, 107 F.3d 331, 335 (5th Cir. 1997).
[34] *Id.*
[35] *Gavagan v. United States*, 955 F.2d 1016, 1019 (5th Cir. 1992).
[36] R. Doc. 36-1 at 3.
[37] R. Doc. 40-4 at 3:5–8, 4:22–23.
[38] *Id.* at 5, ¶ 16.

Pursuant to Rule 26(a)(2)(A) of the Federal Rules of Civil Procedure, parties must disclose the identity of any expert witnesses they intend to call at trial. The commentary accompanying the rule clarifies "experts who are retained or specially employed to provide such testimony in the case" must provide a written report in advance, but "[a] treating physician . . . can be deposed or called to testify at trial without any requirement for a written report."[39] "[T]he opinions of a treating physician testifying as a non-retained expert may be discovered through deposition, and need not be fully disclosed in advance of deposition."[40]

Even in cases in which expert reports are required, "[n]umerous cases have declined to exclude an expert where matters outside an expert report were discussed at a deposition, where an opportunity to re-depose the expert was offered, and/or where a continuance was allowed."[41] "The purpose of the rule is to eliminate unfair surprise to the opposing party. But it does not limit an expert's testimony simply to reading his report. The rule contemplates that the expert will supplement, elaborate upon, and explain his report in his oral testimony."[42]

Defendant does not allege Dr. Bartholomew was retained or specially employed to provide testimony in this case. Plaintiff provided medical records prepared by Dr. Bartholomew to Defendant in discovery.[43] On his witness list, Plaintiff disclosed that it intended to call Dr. Bartholomew to testify "concerning medical treatment provided to

---

[39] FED. R. CIV. P. advisory committee's note to 1993 amendment.
[40] *Kim v. Time Ins. Co.*, 267 F.R.D. 499, 501 (S.D. Tex. 2008) (citation omitted).
[41] *Nkansah v. Martinez*, No. 3:15-CV-00646, 2017 WL 2812733, at *8 (M.D. La. June 28, 2017) (collecting cases).
[42] *Muldrow ex rel. Estate of Muldrow v. Re-Direct, Inc.*, 493 F.3d 160, 167 (D.C. Cir. 2007) (citing *Thompson v. Doane Pet Care Co.*, 470 F.3d 1201, 1203 (6th Cir.2006); *Sylla–Sawdon v. Uniroyal Goodrich Tire Co.*, 47 F.3d 277, 284 (8th Cir.1995); *Minebea Co. v. Papst*, 231 F.R.D. 3, 8 (D.D.C.2005)) (internal quotations, brackets, and ellipses omitted).
[43] Defendant attached the medical records to its motion for summary judgment. R. Doc. 20-5. Defendant also included the medical records in its trial exhibit list. R. Doc.18 at 7, ¶¶ 19, 22; 8, ¶¶ 42, 43.

plaintiff including interpretation of all films, current and future medical restrictions, past medical surgeries, need for future medical surgeries, cost for past and future medical expenses, and any other relevant medical issues concerning plaintiff s medical treatment or physical condition."[44] The list was filed on October 16, 2018,[45] three weeks before the deadline for completing depositions and discovery on November 6, 2018.[46] Plaintiff has complied with the disclosure requirements of Rule 26 with respect to Dr. Bartholomew.

Defendant argues the Court should not consider Dr. Bartholomew's deposition testimony because Plaintiff "took Dr. Bartholomew's deposition well beyond the discovery cut-off."[47] The Court notes that Plaintiff disclosed his intention to call Dr. Bartholomew at trial well before the discovery deadline. Moreover, because the Plaintiff has not sufficiently recovered from his recent surgery, the Court has ordered that the trial be continued and extended the deadline for discovery relating to medical and vocational testimony. [48] Plaintiff's use of Dr. Bartholomew's testimony causes Defendant no prejudice and creates no risk of unfair surprise. Dr. Bartholomew's deposition testimony may properly be considered.

Defendant cites *Parker v. NGM Insrance Co.*[49] for the proposition that an "unretained treating physician's testimony is limited to his/her records."[50] Defendant misconstrues this Court's holding in *Parker*. In *Parker*, the Court precluded a treating physician from testifying about medical treatment that *other* doctors had provided the plaintiff after the physician treated the plaintiff because such testimony would not be

---

[44] R. Doc. 17 at 2–3, ¶ 9.
[45] *Id.*
[46] R. Doc. 13 at 8.
[47] R. Doc. 36-1 at 5.
[48] R. Doc. 43.
[49] No. 15-2123, 2016 WL 3198613 (E.D.La. June 9, 2016).
[50] R. Doc. 36-1 at 5.

7

"based on his personal knowledge of his examination, diagnosis, and treatment" of the plaintiff.[51] In the instant case, Dr. Bartholomew's deposition testimony is based on his personal knowledge of his examination, diagnosis and treatment.

## II. Genuine issues of material fact concerning the cause of Plaintiff's injury preclude summary judgment.

In its motion, Defendant presumes Plaintiff's claim is based on Defendant's requiring him to lift the metal bar.[52] This is not correct. Plaintiff alleges that, before he was told to lift the bar, he was required to maintain an awkward body position for an hour to an hour and a half while attempting to remove an intake valve seat from a mud pump module.[53] Plaintiff has identified twenty-nine facts in dispute not addressed by Defendant in its statement of undisputed material facts.[54] Moreover, Dr. Bartholomew testified at deposition that Plaintiff's work on the mud pump likely weakened his back and contributed to his injury. The Court finds that there are disputed issues of material fact as to whether Plaintiff's work on the mud pump caused his injury.

## **CONCLUSION**

For the foregoing reasons, **IT IS ORDERED** that the motion for summary judgment, filed by Defendant Seadrill Americas, Inc., be and hereby is **DENIED**.

**New Orleans, Louisiana, this 12th day of December, 2018.**

*Susie Morgan*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[51] 2016 WL 3198613 at *5.
[52] R. Doc. 20-1 at 4.
[53] *Id.* at 4, ¶¶ 18–19.
[54] R. Doc. 32 at 2–5, ¶¶ 1–29.