UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| EDDIE J. RATLIFF,<br>Plaintiff | CIVIL DOCKET |
|---|---|
| VERSUS | NO. 17-11581 |
| SEADRILL AMERICAS, INC.,<br>Defendant | SECTION: "E" (1) |

## ORDER AND REASONS

Before the Court is a motion in limine to exclude the expert testimony of Plaintiff Eddie J. Ratliff's proposed safety expert Gregg S. Perkin, filed by Defendant Seadrill Americas, Inc. ("Seadrill").[1] For the reasons that follow, the motion is **DENIED**.

## BACKGROUND[2]

On August 19, 2017, Plaintiff Eddie J. Ratliff was employed by Defendant as a Jones Act seaman on the M/V WEST VELA.[3] Plaintiff claims he injured his back while working aboard the M/V WEST VELA.[4] He alleges he was instructed to remove an intake valve seat from a mud pump module, which required him to maintain an awkward body position for an hour to an hour and a half.[5] He alleges he "experience[ed] pain in his back from maintaining an awkward position for so long."[6] Plaintiff states that, when he was instructed to perform the routine task of picking up a 30–50 pound metal bar, he "felt a pop in his lower back and fell to the ground in pain."[7]

---

[1] R. Doc. 21.
[2] The facts in this section are undisputed unless noted otherwise.
[3] R. Doc. 1 at 2, ¶ 3; R. Doc. 9 at 1.
[4] R. Doc. 20-6 at 1, ¶ 1; R. Doc. 32 at 1, ¶ 1.
[5] R. Doc. 32 at 2–4, ¶¶ 6–20.
[6] *Id.* at 4, ¶ 23.
[7] *Id.* at 5, ¶ 26.

1

In the expert report of Plaintiff's proposed safety expert Perkin, Perkin expresses the opinion that Defendant did not adhere to its internal procedure for changing the mud pump valve and that Defendant was responsible for Plaintiff's injuries.[8] His report includes detailed opinions about the proper procedure for the operation.[9]

On November 13, 2018, Defendant filed the instant motion.[10] It argues that Perkin's testimony should be excluded because it is irrelevant and involves matters easily within the knowledge or experience of lay people.[11] Defendant argues a jury can understand "the mechanics of lifting a metal bar" without expert testimony.[12] It argues there is no evidence Plaintiff's work on the mud pump was related to his injury, and Perkin's testimony on that issue is irrelevant.[13] Plaintiff opposes.[14]

On December 12, 2018, the Court denied a motion for summary judgment filed by Defendant and found genuine issues of material fact as to whether Plaintiff's work on the mud pump caused his injury.[15]

## LAW AND ANALYSIS

Federal Rule of Evidence 702 permits an expert witness with "scientific, technical or other specialized knowledge" to testify if such testimony "will help the trier of fact to understand the evidence or to determine a fact in issue," so long as (1) "the testimony is based upon sufficient facts or data," (2) "the testimony is the product of reliable principles

---

[8] R. Doc. 21-2 at 31–33.
[9] Id.
[10] R. Doc. 21.
[11] R. Doc. 21-1 at 1.
[12] Id. at 2.
[13] Id.
[14] R. Doc. 27.
[15] R. Doc. 44 at 8.

and methods," and (3) "the expert has reliably applied the principles and methods to the facts of the case."[16]

In its motion, Defendant presumes Plaintiff's claim is based solely on Defendant's requiring him to lift the metal bar.[17] Defendant's premise is incorrect. Plaintiff alleges that, before he was told to lift the bar, he was required to maintain an awkward body position for an hour to an hour and a half while attempting to remove an intake valve seat from a mud pump module.[18] The Court finds Perkin's testimony about the safety issues tied to changing mud pump valves is relevant and will be helpful to the jury. Such testimony falls outside the scope of lay knowledge.

While an expert witness is permitted to give his opinions on an "ultimate issue" of fact, assuming he is qualified to do so, he is not permitted to offer conclusions of law.[19] Federal Rule of Evidence 704 clarifies that an opinion is not objectionable merely because it embraces an ultimate issue to be decided by the trier of fact.[20] However, the Fifth Circuit has repeatedly held that Rule 704 does not authorize experts to render legal opinions or reach legal conclusions.[21] Moreover, testimony that tells the jury what conclusion to reach or merely states a legal conclusion is not helpful to the jury.[22]

---

[16] FED. R. EVID. 702.
[17] R. Doc. 21-1 at 2.
[18] R. Doc. 32 at 4, ¶¶ 18–19.
[19] FED. R. EVID. 704.
[20] *Id.*
[21] *See, e.g., Goodman v. Harris Cnty.*, 571 F.3d 388, 399 (5th Cir. 2009); *United States v. $9,041,598.68*, 163 F.3d 238, 255 (5th Cir. 1998); *Snap-Drape, Inc. v. C.I.R.*, 98 F.3d 194, 198 (5th Cir. 1996); *Owen v. Kerr-McGee*, 698 F.2d 236, 239 (5th Cir. 1983); *see also Lackey v. SDT Waste and Debris Servs.*, LLC, No. 11-1087, 2014 WL 3866465, at *7–8 (E.D. La. Aug. 6, 2014) ("It is the job of the Court—not the expert—to instruct the jury on the applicable law). *See Askanase v. Fatjo*, 130 F.3d 657, 673 (5th Cir. 1997) ("[O]ur legal system reserves to the trial judge the role of deciding the law for the benefit of the jury.").
[22] *See, e.g., Snap-Drape*, 98 F.3d at 197–98 (noting that certain expert reports improperly contained legal conclusions, which "would be of no assistance in making findings of fact"); *Metrejean v. REC Marine Logistics, L.L.C.*, No. 08-5049, 2009 WL 3062622, at *2 (E.D. La. Sept. 21, 2009) (citing *Burkhart v. Washington Metro. Area Transit Auth.*, 112 F.3d 1207, 1212 (D.C. Cir. 1997) ("'Expert testimony that consists of legal conclusions cannot properly assist the trier of fact' in understanding evidence or determining facts in issue.")).

The Court reminds the parties that an expert is not permitted to give his opinion on legal conclusions to be drawn from the evidence, nor may an expert usurp the role of the Court to instruct the jury on the law.[23] Perkin does not appear to have any formalized training or particular experience with the law. Perkin will not be permitted to testify on the applicable law, nor may he give legal conclusions concerning the ultimate legal issue of whether Seadrill was negligent.

### CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the motion in limine to exclude the expert testimony of Plaintiff Eddie J. Ratliff's proposed safety expert Gregg S. Perkin, filed by Defendant Seadrill Americas, Inc., be and hereby is **DENIED**.

**New Orleans, Louisiana, this 12th day of December, 2018.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[23] FED. R. EVID. 704; *Owen*, 698 F.2d at 240; *Lackey*, 2014 WL 3866465, at *7–8.